TEXTO COMPLETO DE LA SENTENCIA
I
Asociación de Titulares Camino del Sol, Inc. (en adelante, la “Asociación'’) solicita la revocación de una Sentencia dictada por el Tribunal de Primera Instancia, Sala de Vega Baja, Hon. José V. Meléndez González, Juez, el 28 de diciembre de 2006, notificada el 29 de ese mes y año, en el caso Asociación de Titulares Camino del Sol, Inc. v. Demetrio Amador Lloréns y otros, Civil Núm. CM2005-0712, sobre: cobro de dinero R. 60. *1035 Mediante el dictamen, instancia desestimó su demanda sobre cobro de dinero a tenor con las disposiciones de la Regla 39.2 (a) de Procedimiento Civil.
En Resolución de 9 de febrero de 2007, concedimos veinte (20) días a Demetrio Amador Lloréns y otros, (los “apelados’'’) para presentar su alegato. Por otro lado, concedimos cinco (5) días a la Secretaría del Tribunal de Primera Instancia, Sala de Vega Baja, para remitimos los autos originales del presente caso.
Transcurrido el término sin que los apelados comparecieran, resolvemos con el beneficio del escrito de la Asociación, los autos originales y el derecho aplicable, no sin antes exponer el trasfondo fáctico de lo acontecido, conforme surge de los documentos ante nuestra consideración.
II
Los hechos que dieron margen a la presente reclamación, surgen como consecuencia de la falta de pago de cuotas de mantenimiento a la Asociación por parte de los apelados, Demetrio Amador Lloréns, Carolyn Pérez Figueroa y la Sociedad Legal de Bienes Gananciales por ellos compuesta. Ante el incumplimiento de pago, el 5 de abril de 2005, la Asociación presentó Demanda contra los apelados reclamándole $4,913.10, por concepto de cuotas de mantenimiento; y/o derramas, gastos extraordinarios operacionales del sistema de acceso controlado, seguridad y mantenimiento de áreas vecinales de la Asociación. La reclamación fue entablada al amparo del procedimiento sumario de la Regla 60 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 60 (“Regla 60”). Conforme al procedimiento, el Tribunal notificó a las partes la celebración de una vista para el 9 de agosto de 2005, apercibiéndole a los apelados que de no comparecer se dictaría sentencia en su contra de acuerdo a la súplica de la demanda, sin más citarle ni oírle.
El día de la vista, 9 de agosto, compareció la Asociación representada por el licenciado Anthony Borton; los apelados no comparecieron. La Asociación, por conducto de su representante, licenciado Borton, hizo constar que los apelados fueron debidamente citados, que en el expediente del tribunal no constaba la citación devuelta por el servicio postal, que los apelados no habían contestado la demanda, ni solicitado prórroga para contestarla. En atención a lo expuesto, la Asociación presentó una declaración jurada del señor Carlos M. Fuentes, presidente de Preferred Home Services, Lie. y administrador de la Asociación, acreditando que la deuda reclamada estaba vencida, era líquida y exigible. La Asociación solicitó se dictará sentencia condenando a los apelados a pagar la suma adeudada, las costas, honorarios de abogado y una suma adicional para gastos de embargo de ser necesario solicitar la ejecución de la sentencia.
Por su parte, instancia determinó dar un segundo señalamiento para el 8 de noviembre de 2005, a lo que el licenciado Borton expresó, que de conformidad con las disposiciones de la Regla 60 lo procedente era dictar sentencia. El juez que presidía la sala, Hon. José V. Meléndez González, le expresó al licenciado Borton, que tenía que hacer constar las gestiones y direcciones conocidas adonde se le notificó a las partes del señalamiento, a tenor con lo resuelto por nuestro Tribunal Supremo en R&G Mortgage v. Sustache Rivera, Op. de 14 de diciembre de 2004, 2004 J.T.S. 203, y una vez cumplido con lo ordenado se dictaría sentencia.
El 23 de agosto de 2005, la Asociación presentó escrito intitulado Moción Solicitando Anotación de Rebeldía; Registro y Notificación de Sentencia; Orden. Expuso el derecho que rige el procedimiento sumario de la Regla 60 y analizó la inaplicabilidad del caso de R&G Mortgage v. Sustache Rivera, 2004 J.T.S. 203, al caso de marras. En consideración a lo cual, instancia, mediante su Orden del 6 de octubre de 2005, declaró No Ha Lugar lo solicitado, ordenando a la Asociación certificar “bajo juramento que en el expediente de su cliente no existe otra dirección y que hicieron todos los esfuerzos razonables para conseguirla.” Por último, se reafirmó en el señalamiento para el 8 de noviembre, en horas de la mañana.
Antes del señalamiento del 8 de noviembre, el 20 de octubre de 2005, la Asociación presentó escrito titulado Moción de Reconsideración a Orden sobre Solicitud de Anotación de Rebeldía; Registro y Notificación de *1036 Sentencia. En esencia, reiteró su previa solicitud de anotación de rebeldía, se declarare con lugar la demanda, se dictare sentencia condenatoria y en rebeldía a su favor, conforme al proyecto de sentencia que acompañó. Así las cosas, mediante Orden de 25 de octubre de 2005, instancia declaró No Ha Lugar la reconsideración solicitada por la Asociación; ordenándole cumplir, en o antes del 8 de noviembre de 2005, su orden del 6 de octubre de 2005, o de lo contrario actuaría conforme a derecho.
A la vista de 8 de noviembre de 2005, compareció la Asociación representada por el licenciado Borton, los apelados no comparecieron, quienes fueron debidamente notificados del señalamiento. La Asociación solicitó se dictara sentencia en rebeldía, sometió declaración jurada para sustentar las alegaciones de su demanda y un proyecto de sentencia. Instancia se negó a dictar sentencia en rebeldía, expresando que de incumplirse con lo ordenado, es decir, someter declaración jurada bajo juramento haciendo constar que en el expediente de la Asociación no existe otra dirección y que hicieron todos los esfuerzos razonables para conseguirla, se desestimaría el caso. La Asociación solicitó le fuera notificada la Minuta con el propósito de recurrir en revisión de dicha determinación. No obstante, la Minuta no le fue notificada, por lo que el 7 de diciembre de 2005, la Asociación presentó moción a esos efectos.
Posteriormente, como hemos informado, el 28 de diciembre de 2006, notificada el 29 de ese mes y año, el tribunal dictó Sentencia desestimando la reclamación de la Asociación al amparo de la Regla 39.2 (a) de Procedimiento Civil. Su dictamen se fundamentó, en que la Asociación no cumplió con los requisitos propios de la notificación, al amparo de lo resuelto en R&G Mortgage v. Sustache Rivera, 2004 J.T.S. 203. El 28 de diciembre de 2006, notificada el 5 de enero de 2007, instancia atendió la solicitud de la Asociación de que se le notificare copia de la Minuta, indicándole que se refiriera a la sentencia.
Inconforme con el dictamen, el 29 de enero de 2007, la Asociación presentó su Escrito de Apelación. Adujo que instancia incidió al desestimar su demanda, instada bajo las disposiciones de la Regla 60 de Procedimiento Civil, fundamentándose en que no cumplió con requisitos propios de notificación de un procedimiento de venta judicial, esbozados en R&G Mortgage v. Sustache Rivera, 2004 J.T.S. 203.
III
La Regla 60 establece para las reclamaciones en cobro de dinero que no excedan de cinco mil ($5,000) dólares, un procedimiento sumario. La regla dispone:

“Regla 60 Reclamaciones de Cinco Mil (5,000) Dólares o Menos

Cuando se presentare un pleito en cobro de una suma que no exceda de los cinco mil ($5,000) dólares, excluyendo los intereses, y cuando no se solicite específicamente en la demanda tramitar el caso bajo el procedimiento ordinario prescrito por estas reglas, el secretario inmediatamente notificará al demandado por correo o cualquier otro medio de comunicación por escrito.

Si el demandado residiere fuera de Puerto Rico, se hará su citación por edicto de acuerdo a la Regla 4.5.

La notificación especificará la naturaleza de la reclamación y la fecha señalada para la vista. Dicha vista se celebrará en la fecha más próxima posible, pero nunca antes de quince (15) días de la notificación al demandado. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Si el demandado no compareciere, el tribunal, al determinar que fue debidamente notificado y que se le debe alguna suma al demandante, dictará sentencia. Si se demostrare al tribunal que el demandado tiene alguna reclamación sustancial, o en el interés de la justicia, el tribunal podrá ordenar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas. ” (Énfasis Suplido)
La Regla 60 existe para agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías *1037 pequeñas para así lograr facilitar el acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación. Asoc. Res. Colinas Metro, v. S.L.G., 156 D.P.R. 88, 97 (2002). Nuestro ordenamiento jurídico dispone que por su origen y propósito, al procedimiento establecido en la referida regla, le sera aplicable as reglas de procedimiento civil ordinario de forma supletoria y en tanto y en cuanto éstas sean compatibles con el procedimiento sumario establecido en dicha Regla. Asoc. Res. Colinas Metro., 156 D.P.R., a la pág. 98.
Una vez celebrada la vista, si el demandado no puede refutar la prueba presentada por el demandante, o no demuestra que la acción es contraria al interés de la justicia, el tribunal dictará sentencia inmediatamente a favor del demandante.
Otro aspecto importante de este procedimiento sumario, es que el demandado no está obligado a continuar con el procedimiento bajo la Regla 60, si le demuestra al tribunal que "tiene alguna reclamación sustancial, o [que] en el interés de la justicia" amerita que el caso se vea por la vía ordinaria. Así pues, aunque el caso inicialmente se haya comenzado a tramitar bajo el procedimiento sumario de la Regla 60, en etapas posteriores podrá seguirse bajo el procedimiento ordinario, entre otras cosas, si el tribunal así lo determina, ya sea porque el derecho de cobro no surge claro, se necesita hacer descubrimiento de prueba, se tiene una reconvención compulsoria o se necesita añadir un tercer demandado. Cuando ocurre esta conversión, el Juez debe, luego de notificarle a las partes, seguir el procedimiento ordinario. Asoc. Res. Colinas Metro., 156 D.P.R., a las pags. 100-101.
Según expresó nuestro más Alto Foro de Justicia, en casos tramitados al amparo de la Regla 60.
“Si el demandado comparece a la vista, éste tiene derecho a refutar tanto el derecho al cobro de dinero como cualquier otra cuestión litigiosa. De otra parte, si el demandado no comparece, para poder prevalecer en rebeldía, la parte demandante tiene que demostrarle al tribunal que tiene a su favor una deuda líquida y exigible, que el deudor es el demandado y que la notificación-citación a éste efectivamente se realizó. La comparecencia de la parte demandante a la vista es esencial para que el tribunal pueda determinar si procede dictar sentencia a su favor. Una vez celebrada la vista, si el demandado no tiene una defensa sustancial, no puede refutar la prueba presentada por el demandante, o no demuestra que la acción es contraria al interés de la justicia, el tribunal dictará sentencia inmediatamente a favor del demandante. ” (Enfasis nuestro)
Asoc. Res. Colinas Metro., 156 D.P.R., a la pág. 99.
En Vélez v. Boy Scouts of America, 145 D.P.R. 528, 532 (1999), nuestro Tribunal Supremo expresó que cuando se precisa fijar el importe de una cuenta, o cuando se precisa fijar la cuantía de daños en un caso ventilado en rebeldía, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas para recibir prueba y poder dictar sentencia. Respecto a la notificación al litigante en rebeldía -que ha comparecido antes-, el ordenamiento civil le reconoce el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar a los testigos de la parte demandante, impugnar la cuantía de daños reclamada y revisar la sentencia. Vélez, 145 D.P.R., a la pág. 532.
En los casos tramitados al amparo de la Regla 60, para que un tribunal pueda dictar sentencia en rebeldía, tiene que no sólo cerciorarse que el demandado fue debidamente notificado y citado, sino también asegurarse que a base de la prueba aportada, el demandante tiene una reclamación en cobro de dinero contra el demandado que es líquida y exigible. En otras palabras, no puede descansar simplemente en las alegaciones, aunque éstas contengan hechos específicos y detallados sobre el particular. Asoc. Res. Colinas Metro., 156 D.P.R., a las págs. 99-100.
Resulta meridianamente claro que de una lectura al caso Asoc. Res. Colinas Metro, v. S.L.G., 156 D.P.R., a la pág. 99, podemos colegir que nuestro Tribunal Supremo reiteró que por tratarse de un procedimiento sumario, la Regla 60 tendrá un trámite particular, haciendo menos rigurosa la notificación-citación al demandado, incluyendo como expresara en la nota al calce número 6, que se tome como hecho suficiente que la notificación depositada en *1038 el correo que no fue devuelta, se presume recibida.
Así pues, se balancean los intereses del demandante y el demandado, haciendo menos rigurosa la notificación-citación al demandado, al mismo tiempo que exige del demandante prueba de las alegaciones para que éste pueda obtener una sentencia en rebeldía. La Regla exige expresamente que en el acto de la vista, una vez superados estos aspectos de notificación, y cuantía líquida y exigible, el tribunal entenderá en todas las cuestiones litigiosas y dictará sentencia inmediatamente, sin dejar que el caso se prolongue. Asoc. Res. Colinas Metro. v. S.L.G., 156 D.P.R., a la pág. 100.
Es procedente exponer la normativa relacionada a la desestimación de los pleitos bajo la Regla 39 2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2 (la “Regla 39.2”), regla utilizada por instancia para desestimar la reclamación de la Asociación. La referida regla dispone:

“Regla 39.2 Desestimación

(a). Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra el o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado de taparte de la situación y se le haya concedido oportunidad para responder. Si el abogado de la parte no respondiese a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a taparte un término de tiempo razonable para corregir la situación que en ningún casó será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.” (Énfasis nuestro).
No se debe desestimar una acción judicial, salvo que a la luz de todos los hechos expuestos, el reclamante carezca de derecho a remedio alguno. Soto López v. Colón, 143 D.P.R. 282, 291 (1997). Existe una clara y firme política de que los casos sean resueltos en sus méritos. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 293 (1988), Imp. Vilca, Inc. v. Hogares Crea Inc., 118 D.P.R. 679, 686-687 (1986). La desestimación de un pleito bajo la Regla 39.2 debe prevalecer únicamente en casos extremos al quedar expuesto el desinterés y el abandono total de la parte de su caso. Arce v. Club Gallístico de San Juan, 105 D.P.R. 305, 307 (1976). El desestimar una causa de acción, solamente debe hacerse en casos en que no haya duda de la irresponsabilidad y contumacia de la parte contra quien se toman las medidas drásticas. Acevedo v. Compañía Telefónica de P.R., 102 D.P.R. 787, 791 (1984). Es principio claro que tal poder discrecional de desestimar una demanda se debe ejercer juiciosa y apropiadamente. Maldonado v. Secretario de Recursos Naturales, 113 D.P.R. 494, 498 (1982).
Se ha resuelto reiteradamente que la desestimación de un pleito sin ir a sus méritos como medio de sanción, debe ser el último recurso a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y en todo caso no debería procederse a ella sin un previo apercibimiento. Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823, 829-830 (1962). Nuestro Tribunal Supremo ha expresado que como primera alternativa ante el incumplimiento procesal de una parte,-el Tribunal de Primera Instancia debe imponer sanciones económicas a la parte, al abogado o a ambos, previo adoptar una disposición que pueda tener el efecto de privarla de su día en corte. Imp. Vilca, Inc., 118 D.P.R., a la pág. 686; Dávila v. Hosp. San Miguel Inc., 117 D.P.R. 807, 814 (1986), Maldonado, 113 D.P.R., a la pag. 498. El tribunal, al momento de ejercer su poder discrecional de imponer sanciones, deberá hacer un balance de intereses entre su obligación de velar porque los casos sean *1039 ventilados sin demora y el derecho de toda parte a tener su día en corte. Para poder hacer un adecuado balance de intereses, se tendrá que tomar en consideración diferentes factores, tales como el conocimiento o no de la parte promovente de la inactividad de su caso, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de loscasos y el perjuicio que la inacción haya causado. Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 674 (1989).
En el caso de Maldonado, 113 D.P.R., a la pág. 498, nuestro Tribunal Supremo expresó:
"Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicable, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o de la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o [sic] apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos... las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas." (Énfasis nuestro).
El fundamento para no imponer sanciones drásticas al cliente es que, de ordinario, la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. Ramírez de Arellano, 85 D.P.R., a la pág. 830. La tendencia ha sido a imponer primero sanciones económicas contra aquella parte que incumple y no la sanción más drástica que es la desestimación del caso. "Esta suavización de la sanción, así como el postergar la imposición de sanciones drásticas y severas como último recurso al cual se deba acudir, responde a la política judicial imperante, por un lado, de que los casos se ventilen en los méritos y, por otro lado, de que éstos se resuelvan de forma justa, rápida y económica." Amaro González v. First Fed. Savs, 132 D.P.R. 1042, 1052 (1993).
En síntesis, la Asociación alegó que el Tribunal de Primera Instancia incidió al negarse dictar sentencia en rebeldía ante las incomparecencias de los apelados a las vistas señaladas, aplicando erróneamente lo dispuesto en R&G Mortgage v. Sustache Rivera, 2004 J.T.S. 203, y al desestimar su reclamación. Le asiste la razón. Veamos porqué.
Las órdenes de instancia a la representación legal de la Asociación requiriendo la presentación de una declaración jurada haciendo constar que en el expediente de la Asociación no existe otra dirección y que hicieron todos los esfuerzos razonables para conseguirla, o de lo contrario se desestimaría el caso, fueron fundamentadas en el caso de R&G Mortgage v. Sustache Rivera, supra. No obstante, en primer término, ante el incumplimiento de la representación legal de la Asociación, el Tribunal debió imponer a éste, e informar debidamente a la Asociación de la situación y apercibirla de la situación y de las consecuencias que pueda tener el que ello no sea corregido. Es menester resaltar el hecho de que de los autos originales ante nuestra consideración no surge apercibimiento del tribunal a la Asociación, ni imposición de sanciones a su representante legal con anterioridad a tomar la determinación de desestimar el pleito.
El foro de instancia no puede perder de perspectiva que aunque es discrecional el desestimar un caso a tenor con lo dispuesto en la Regla 39.2, la misma debe ser utilizada de manera justa y apropiada.
Al no apercibir a la Asociación de las posibles consecuencias fatales de su inacción en cumplir con lo ordenado, instancia no puso a esta paite en posición de defenderse de manera efectiva, ya que no se encontraba adecuadamente informada. Nuestro más Alto Foro de Justicia ha reiterado que la desestimación de una causa de acción debe ser el último recurso a utilizarse, ya que antes de todo, se le debe dar la oportunidad a las partes de ser escuchados y tener su día en corte. Solamente después de haber probado que la imposición de sanciones *1040 económicas no fue efectiva y luego de haber informado a la parte el incumplimiento de su representación legal, es que procede entonces la desestimación de la causa de acción. Actuaciones contrarias a lo antes expresado serían despojar de forma injustificada y arbitraria a la Asociación de ejercitar su acción y las defensas que tuviere. E tribunal debe hacer un balance entre el interés de que los casos se ventilen sin demora y el derecho de la parte a tener su día en corte. Al hacer ese balance, el tribunal deberá sopesar varios factores los cuales en el presente caso no fueron evaluados, ya que la Asociación no fue informada de forma adecuada de las consecuencias de la actuación de su representación legal y más aún no fueron consideradas otras alternativas a-la desestimación como hubieran sido las sanciones económicas a la parte o a su representación legal, entre otras.
En resumen, erró instancia al desestimar la causa de acción de la Asociación como primera sanción, sin antes agotar otros remedios que le permitieran presentar su caso y dilucidar la controversia de forma justa, rápida y económica.
Por otro lado, la determinación de instancia de desestimar el caso por el incumplimiento de la representación legal de la Asociación en presentar la certificación de notificación a todas las direcciones conocidas de los apelados fue improcedente, toda vez que dicho requisito no es exigible en el procedimiento sumario dispuesto por la Regla 60, al cual se acogió la Asociación para tramitar su reclamación. La mencionada norma exige que bajo este procedimiento expedito, el Secretario del tribunal notifique al demandado por correo o por cualquier otro medio de comunicación por escrito y que en dicha notificación se especifique la naturaleza de la reclamación y la fecha de la vista. Según ha sido reconocido por nuestro ordenamiento jurídico la Regla 60 existe para agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación. Por razón a su origen y propósito, a este tipo de procedimiento le es de aplicación las reglas de procedimiento civil ordinario de forma supletoria, y en tanto y en cuanto éstas sean compatibles con la forma sumaria establecida en la Regla 60.
Consideramos que instancia actuó incorrectamente al declarar sin lugar la solicitud de sentencia en rebeldía presentada por la representación legal de la Asociación', toda • vez que de conformidad con lo sumario del procedimiento bajo la Regla 60, la Asociación expuso al tribunal lo que tenía que demostrar, es decir, que los apelados fueron debidamente notificados y citados y que a base de la prueba presentada tenía una reclamación en cobro de dinero contra éstos que estaba vencida, líquida y exigible. Resulta claro que en el caso de R&G Mortgage v. Sustache Rivera, 2004 J.T.S. 203, nuestro Tribunal Supremo tuvo ante sí unos hechos distinguibles al caso de autos, ya que en dicho caso se trataba de una adecuada notificación que en el caso de marras no está presente. En el presente caso, los apelados fueron debidamente notificados del primer y segundo señalamiento y del apercibimiento que en dichas citaciones se incluia en cuanto a la incomparecencia. En adición, nuestro Tribunal Supremo adujo claramente que la controversia a resolver en el caso de R&G Mortgage es qué tipo de notificación resulta suficiente en derecho en la etapa post sentencia, para cumplir con los rigores del debido proceso de ley.
Determinamos que erró instancia al negarse a dictar sentencia en rebeldía contra los apelados por su incomparecencia injustificada al procedimiento. Del examen a los autos originales, no se desprende que la notificación cursada a los apelados hubiese sido devuelta, entendiéndose así que fueron debidamente notificados según requiere nuestro ordenamiento civil procesal. Nuestro caso es distinguible al de R&G Mortgage, toda vez que en ese caso la notificación vino devuelta por el servicio postal indicando que la dirección era incorrecta o insuficiente y ello era conocido por R&G al momento de solicitar se dictara sentencia. Además, conocían de la existencia de otra dirección postal a la cual habían cursado misivas anteriormente a los . esposos Sustache y aún así, ño le notificaron a esa dirección adicional. En el caso de marras, la Administración, según alegó en repetidas ocasiones, no posee en su expediente ninguna otra dirección de los apelados y la notificación cursada por el Tribunal nunca fue devuelta, por lo que de conformidad con la presunción establecida en las Reglas de Evidencia, c icha misiva fue recibida por los apelados y se cumple cabalmente así con la notificación requerida por el procedimiento sumario de la Regla 60. Asoc. Res. Colinas Metro., 156 D.P.R., a la pág. 99.
*1041 Como indicáramos anteriormente en R&G Mortgage, nuestro más Alto Foro tuvo la oportunidad de clarificar el alcance de la notificación en un pleito de ejecución de hipoteca y venta judicial, pero en el caso de autos no se está disponiendo en ninguna forma sobre el derecho propietario de los apelados sino simplemente se trata del cobro de unas cuotas de mantenimiento al amparo del procedimiento sumario reconocido por la Regla 60 de Procedimiento Civil. Por lo que entendemos, que las realidades fácticas de ambos casos son totalmente distintas y tratándose de un pleito sumario, requerir mayores requisitos a los esbozados por el legislador en dicho tramite sería una actuación exagerada y contraria a la Regla 1 de Procedimiento Civil que persigue la solución justa, rápida y económica de los litigios.
En consideración a lo dicho, revocamos la Sentencia de 28 de diciembre de 2006, del Tribunal de Primera Instancia, Sala de Vega Baja, en el caso de Asociación de Titulares Camino del Sol, Inc. v. Demetrio Amador Lloréns y otros, Civil Núm. CM2005-0712, sobre: cobro de dinero R. 60. En su lugar, declaramos Ha Lugar la demanda presentada por la Asociación de Titulares Camino del Sol, Inc., condenando a Demetrio Amador Lloréns Carolyn Pérez Figueroa y la Sociedad Legal de Bienes Gananciales por ellos compuesta, a satisfacer a la Asociación de Titulares Camino del Sol, Inc., $4,913.10 por concepto de cuotas de mantenimiento, recargos, intereses y penalidades, así como las costas del procedimiento y honorarios de abogado.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Rivera Martínez concurre con el resultado sin opinión escrita.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones